IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Angela Armstrong, *et al.*,<br>         Plaintiffs,<br><br>v.<br><br>BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP p.l.c., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., Transocean Ltd., Triton Asset Leasing GmbH, Halliburton Energy Services, and Sperry Drilling Services,<br>         Defendants. | CASE NO. 4:13-cv-2192<br><br>On removal form the 190th District Court of Harris County, Texas: Case No. 2013-32344<br><br><br>JURY DEMANDED |

**BP'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

Pursuant to 33 U.S.C. § 2702(b), 28 U.S.C. §§ 1331, 1333, 1441, 1446 and 43 U.S.C. § 1349, Defendants BP Exploration & Production Inc. and BP America Production Company and BP Corporation North America Inc. ("BP"), hereby give notice and remove this case to the United States District Court for the Southern District of Texas, Houston Division.

BP represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background and Procedural Requirements**

1.     BP is a defendant in the matter styled "*Angela Armstrong, et al. v. BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP p.l.c., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., Transocean Ltd., Triton Asset Leasing GmbH,*

*Halliburton Energy Services, and Sperry Drilling Services*," pending in the 190th District Court of Harris County, Texas, and bearing Case No. 2013-32344 ("State Court Action").

2. Plaintiffs filed their Original Petition ("Petition") in the State Court Action on May 30, 2013.

3. BP Exploration & Production Inc. and BP America Production Company were served with process in the State Court Action on June 26, 2013. BP Corporation North America Inc. has not yet been served.

4. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

5. Pursuant to 28 U.S.C. § 1446(a), BP attaches as Exhibits A-E hereto a copy of all process, pleadings and orders served on BP in the State Court Action.

**This Court Has Jurisdiction Under the Oil Pollution Act of 1990.**

6. Plaintiffs' Petition states a claim under the federal Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.* ("OPA"). Ex. A ¶¶ 101-11.

7. The OPA-covered injuries for which Plaintiffs seek compensation include "loss of profits or impairment of earning capacity," *id.* ¶ 109 (citing 33 U.S.C. § 2702(b)(2)(E)), "loss of subsistence use of natural resources," *id.* ¶ 108 (citing 33 U.S.C. § 2702(b)(2)(C)), and "[d]amages for injury to, or economic losses resulting from destruction of, real or personal property, *id.* ¶ 107 (citing 33 U.S.C. § 2702(b)(2)(B)). As Plaintiffs point out, a responsible party under OPA is liable for the removal costs and damages specified 33 U.S.C. § 2702(b). *Id.* ¶ 102.

8. With two exceptions not applicable to the current case, OPA states that "the United States district courts shall have exclusive original jurisdiction over all controversies arising under this Act . . . ." 33 U.S.C. § 2717(b). By alleging claims under OPA, Plaintiffs' case falls within the jurisdiction of this Court.

9. Additionally, because OPA creates a cause of action arising under federal law, there is also jurisdiction over this case pursuant to 28 U.S.C. § 1331.

**Original Federal Jurisdiction Exists Over the Petition Pursuant to OCSLA and the Federal Question Statute.**

10. The first two grounds for removing the State Court Action to this Court relate to the fact that this lawsuit arises in connection with the *Deepwater Horizon*'s drilling operations occurring on the Outer Continental Shelf ("OCS" or "the Shelf"). Two jurisdictional consequences follow as a result: *First*, the State Court Action falls within the jurisdictional grant of the federal Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.* *Second*, the OCS is a federal enclave, meaning that all cases arising from events on the Shelf arise under federal law.

11. Plaintiffs' Petition states that they are "owners' [sic] lessors, lessees, and/or operators of real property at or near the coast of the Gulf of Mexico and/or businesses or employees of businesses that are dependent upon the Gulf of Mexico's marine and coastal environments . . . ." Ex. A ¶ 62. As such, they maintain that "Defendants owed and breached duties of ordinary and reasonable care to Plaintiffs in connection with the drilling operations of the Deepwater Horizon . . . ." *Id.* ¶ 60; *see also id.* ¶ 65 (asserting that BP and the other defendants were obliged to "exercise reasonable care while participating in drilling operations on the Deepwater Horizon"). Plaintiffs note that the *Deepwater Horizon* was "owned by Transocean" and leased to BP "for the purposes of

3

drilling an exploratory well at the Macondo site." *Id.* ¶ 29. Plaintiffs also note that BP held a permit from the Minerals Management Service "allowing it to perform oil exploration, drilling, and production-related operations in Mississippi Canyon Block 252, the location known as 'Macondo,' where the spill originated." *Id.* ¶ 4.

12. Plaintiffs' Petition is remarkably light on details regarding their alleged injuries, except that the OPA allegations reveal that any injuries allegedly arise from the *Deepwater Horizon* oil spill. *See, e.g., id.* ¶ 106 ("As a result of the Spill, Plaintiffs have not been able to use natural resources.").

13. Plaintiffs' Petition alleges that BP acted negligently in "choosing and implementing a . . . long string well design," *id.* ¶ 79(a), "using too few centralizers," *id.* ¶ 79(c), "failing to implement a full 'bottoms up' circulation of mud," *id.* ¶ 79(d), "cancelling the cement bond log test," *id.* ¶ 79(f), and "failing to deploy the casing hanger lockdown sleeve," *id.* ¶ 79(g); *see also id.* ¶¶ 95-100 (listing additional alleged acts of negligence in connection with the *Deepwater Horizon* drilling operations).

14. <u>OCSLA Jurisdiction</u>:  This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.* OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies *arising out of, or in connection with* (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1) (emphasis added).

15. OCSLA defines "minerals" to include "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including . . . any drilling." 43 U.S.C. § 1331(k).

16. On April 20, 2010, the date the oil spill began, the *Deepwater Horizon* was in the Gulf of Mexico working at the Macondo well. The Fifth Circuit recently noted that the *Deepwater Horizon*'s purpose was to "drill the Macondo well, which is located on the sea floor at Mississippi Canyon Block 252." *Center for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 418 (5th Cir. 2013). These operations were part of BP's "exploration and drilling operations in the Gulf of Mexico." *Id.* The Northern District of Florida reached a similar conclusion: "[w]hen it exploded, the *Deepwater Horizon* was operating on the outer continental shelf. Its operations were part of the exploration for, and intended development and production of, continental-shelf oil." *Phillips v. BP p.l.c.*, 2010 WL 3257737, at *1 (N.D. Fla. Aug. 17, 2010). Likewise, this Court recently held that even lawsuits concerning securities filings which allegedly contained misrepresentations in connection with Shelf drilling activities fall within OCSLA's broad grant of federal jurisdiction. *See* Memorandum & Order, *In re: BP p.l.c. Securities Litigation*, No. 4:10-md-2185, Rec. Doc. 441 (S.D. Tex. filed Oct. 1, 2012) ("MDL 2185").

17. The State Court Action thus "aris[es] out of" and "in connection with" a drilling operation on the outer Continental Shelf. Plaintiffs concede this point: "Defendants owed and breached duties of ordinary and reasonable care to Plaintiffs ***in connection with*** the ***drilling operations*** of the Deepwater Horizon." Ex. A ¶ 60 (emphasis added); *see also id.* ¶ 90. Beyond a verbatim repetition of OCSLA's jurisdictional provision, the Petition

5

HOU:3338326.1

recognizes that the *Deepwater Horizon* was engaged in "oil exploration, drilling, and production-related operations" at the Macondo site. Ex. A ¶ 4. Likewise, the litany of alleged acts of negligence relate to core mineral-exploration activities that occurred on the Shelf. *See generally id.* ¶ 79 (assigning negligence to various drilling activities, including the selection of a 'long-string' well design, the number of centralizers in the well, cancelation of the "cement bond log test," and insufficient testing of the cement mixture). The Petition makes plain that this case arises out of and in connection with the oil exploration operations at the Macondo site. As a result, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

18. <u>Federal Question Jurisdiction</u>:  This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims asserted arise in connection with a federal statute, namely, OCSLA, 43 U.S.C. § 1331 *et seq.* and OPA, 33 U.S.C. § 2701 *et seq.*, and because claims involving federal enclaves like the outer Continental Shelf by their nature arise under federal law. Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves *unavoidably* involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of the complaint. Moreover, even if this were not true, OCSLA claims are not subject to the well-pleaded complaint rule, pursuant to Fifth Circuit precedent. *Amoco Production Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988) ("In determining federal court jurisdiction, we need not traverse the Serbonian Bog of the well pleaded complaint rule . . . because § 23 of OCSLA expressly invests jurisdiction in the United States District Courts.").

HOU:3338326.1

19. OCSLA not only provides that federal courts have original jurisdiction over all cases arising out of Shelf operations, it also directly specifies that federal law governs as a substantive matter. *See* 43 U.S.C. § 1333(a)(1). Hence, federal question jurisdiction under 28 U.S.C. § 1331 inherently and unavoidably exists over claims that arise out of Shelf conduct without regard to claims made by plaintiffs that a source of law other than federal law, such as state or maritime law, controls.

20. Plaintiffs' claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(c) because OCSLA establishes a federal enclave on the Shelf. Claims arising out of conduct within federal enclaves necessarily arise under federal law.

**Maritime and Jones Act Claims Are No Obstacle To Removal; to the Contrary, Maritime Claims Provide Yet Another Basis for Removal Jurisdiction.**

21. Plaintiffs assert that their claims include "admiralty and maritime claims arising from the savings to suitors clause contained in 28 U.S.C. § 1333." Ex. A ¶ 24. The maritime nature of their claims is one of Plaintiffs' proffered bases for state court jurisdiction. *Id.*

22. While maritime law was once an argument against federal jurisdiction, the jurisdictional landscape changed dramatically on January 6, 2012, the effective date of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Clarification Act"). Among its provisions, the Clarification Act altered 28 U.S.C. § 1441 to clarify that diversity of citizenship is a prerequisite to removal *only* where the federal courts would not otherwise have original jurisdiction. *Compare* 28 U.S.C. § 1441(b) (pre-2011) *with* 28 U.S.C. § 1441(b) (2011). The statute's previous language had led the Supreme Court and the Fifth Circuit to declare that Section 1441(b) was a bar to the removal of maritime claims. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959), *Morris v. T.E. Marine Corp.*, 344 F.3d 439 (5th Cir. 2003). As this Court held just a few weeks ago,

that bar is now removed. *Ryan v. Hercules Offshore, Inc.*, No. H-12-3510, 2013 WL 1967315 (S.D. Tex. May 13, 2013). Federal courts undoubtedly have original jurisdiction over maritime cases, 28 U.S.C. § 1333(1), and the saving-to-suitors clause has itself never been a bar to removal. *Id.* *1; *see also Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) (noting that the saving-to-suitors clause "does not guarantee [plaintiffs] a nonfederal forum"). Only Section 1441(b) was interpreted to prevent removal, and as *Ryan* explains, the Clarification Act has earned its name and removed all ambiguity in favor of permitting removal of maritime claims in accord with the plain terms of 28 U.S.C. § 1441(a), which are no longer impacted in non-diversity cases by the terms of current 28 U.S.C. § 1441(b). *Ryan*, 2013 WL 1967315, at *4.

**Venue and Removal Under 28 U.S.C. §§ 1441(a)**

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Southern District of Texas, Houston Division is the District and Division in which the State Court Action was pending.

24. This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Southern District of Texas has original subject matter jurisdiction under 43 U.S.C. § 1349, 33 U.S.C. § 2702(b), and 28 U.S.C. §§ 1331, 1333.

25. Removal is timely, as this Notice is filed within 30 days of BP's receipt of the Petition. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

**Effectuation of Removal**

26. BP hereby removes this action to the United States District Court for the Southern District of Texas, Houston Division.

27. By filing this Notice of Removal, BP expressly consents to the removal without conceding that it has been properly served and without waiving any rights or arguments it might have with respect to service of process.

28. The consents of all other necessary Defendants are attached as Exhibits F-G.

29. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers, including the Petition, on file in the record of the State Court Action which are within the possession, custody and control of BP are attached as Exhibits A-E.

30. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

31. Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the 190th District Court of Harris County, Texas, and is attached hereto as Exhibit H.

WHEREFORE, BP hereby removes this action to the United States District Court for the Southern District of Texas, Houston Division.

Dated July 26, 2013

Respectfully submitted,

By: *s/Thomas W. Taylor*

Thomas W. Taylor
Southern District Bar No.3906
Texas Bar No. 19723875
ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
ttaylor@andrewskurth.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS BP EXPLORATION &
PRODUCTION INC., BP AMERICA
PRODUCTION COMPANY AND BP
CORPORATION NORTH AMERICA INC.

Of Counsel:

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
richard.godfrey@kirkland.com
andrew.langan@kirkland.com

Jeffrey Bossert Clark
Dominic E. Draye
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com
dominic.draye@kirkland.com

Georgia L. Lucier
Southern District Bar No. 589122
Texas Bar No. 24043523
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, TX  77002
Telephone: (713) 220-4177
Facsimile: (713) 238-7349
glucier@andrewskurth.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that true and correct copies of the above and foregoing instrument have been served pursuant to the Federal Rules of Civil Procedure on all parties and counsel of record on this 26th day of July 2013.

*s/ Thomas W. Taylor*
Thomas W. Taylor
